JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
After a jury trial, defendant-appellant, Tracy Phillips, was convicted of rape and unlawful sexual conduct with a minor. On appeal, Phillips raises two assignments of error.
A review of the record shows that Phillips, who was over thirty years old, engaged in sex with the female victim, knowing that she was fifteen years old at the time of the offenses. On the Saturday of the offenses, Phillips offered the victim and her brother a ride to their destination, but instead drove them to his home, where the children watched television. Then, upon a request made by Phillips, the victim agreed to accompany him because he told her that he was driving to a tire store. She was uncomfortable about this situation. Phillips left her no time to inform her brother where she and Phillips were going, which also concerned her. Instead of driving to the tire store, Phillips drove with the victim to an isolated section of a commercial establishment's parking lot, where he parked his van between trailer trucks and engaged in nonconsensual sex with her. To accomplish his objective, Phillips ignored the victim's verbal pleas to stop and overcame her physical resistance.
The first assignment of error contends that the evidence was insufficient as a matter of law to sustain Phillips's convictions and that his convictions were against the manifest weight of the evidence. Phillips also argues that the trial court erred in denying his Crim.R. 29 motion for acquittal. We consider these challenges together.
When reviewing a challenge to the trial court's denial of a Crim.R. 29 motion, an appellate court is required to determine whether the evidence "[wa]s such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[1] In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether the evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[2] With respect to the sufficiency of the evidence, questions regarding the credibility of witnesses are irrelevant because they are within the domain of the trier of fact.[3]
Rape, pursuant to R.C. 2907.02(A)(2), is defined in this manner: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Unlawful sexual conduct with minor, pursuant to R.C. 2907.04(A), has these elements: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." On this record, we hold that Phillips's convictions for rape and unlawful sexual conduct with a minor were based on sufficient evidence and that the trial court did not err in denying Phillips's motion for acquittal.
Nevertheless, even when the evidence is sufficient to support a conviction, an appellate court may still reverse the conviction as being against the manifest weight of the evidence.[4] A review of the manifest weight of the evidence puts the appellate court in the role of a "thirteenth juror."[5] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.[7] A new trial should be granted on the weight of the evidence only in exceptional cases.[8]
After reviewing the record, we hold that the jury did not lose its way and create a manifest miscarriage of justice, and this is not the exceptional case where we must reverse Phillips's convictions and order a new trial. This case turned on the credibility of the witnesses, and credibility was primarily for the jury to determine. We hold that Phillips's convictions were not against the manifest weight of the evidence.[9]
Finally, Phillips argues that the trial court erred in denying his motion for a new trial, pursuant to Crim.R. 33(A)(4), because there was insufficient evidence to convict him and because the verdicts were contrary to law. Phillips's arguments are essentially the same as those we have already addressed. The ultimate decision whether to grant a new-trial motion generally lies within the sound discretion of the trial court and will not be reversed unless there has been an abuse of discretion.[10] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[11] The standard in Crim.R. 33(A)(4) has been explained by this court in these terms: "whether a rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found that the essential elements of the crimes were proven beyond a reasonable doubt." This is a standard comparable to that used for a Crim.R. 29 motion.[12] We have already held that the record sustained Phillips's convictions. The trial court appropriately exercised its discretion in denying Phillips's new-trial motion based on its review of the evidence in the same record. Thus, the trial court's decision was not contrary to law or an abuse of discretion. Having rejected all of Phillips contentions and arguments, the first assignment of error is overruled.
In the second assignment of error, Phillips contends that he was denied the effective assistance of counsel due to the failure "to subpoena a necessary witness" whose testimony, Phillips argues would have challenged the victim's credibility and "would have bolstered Appellant's version of events." In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for trial counsel's errors, the result of the trial would have been different.[13] In order to demonstrate that trial counsel's performance was deficient, an appellant must overcome a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance and could be considered sound trial strategy.[14] The fact that a trial strategy was not successful does not require that we hold that trial counsel's performance was defective.[15] In this case, Phillips's trial counsel did cross-examine the victim in front of the jury, which was charged with determining her credibility. Even if the witness who was not subpoenaed was somehow a reflection of unsound trial strategy, on this record, we cannot say that the result of the trial would have been different if the witness had appeared. Therefore, we hold that Phillips did not suffer from the ineffective assistance of counsel. Thus, we overrule the second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] See State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[2] See State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
[4] See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
[5] See id.
[6] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[7] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
[8] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
[9] See id.; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272.
[10] See State v. Miller (1995), 105 Ohio App.3d 679, 690,664 N.E.2d 1309; State v. Schiebel (1990), 55 Ohio St.3d 71,76, 564 N.E.2d 54.
[11] State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894; State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[12] See State v. Thomas, 1st Dist No. C-010724, 2002-Ohio-7333, at ¶ 16.
[13] See Strickland v. Washington (1984), 466 U.S. 668,687-688, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[14] See Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
[15] See State v. Bey (1999), 85 Ohio St.3d 487, 493,1999-Ohio-283, 709 N.E.2d 484.